UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME FRANCIS JONES, #137654,

        Plaintiff,

                                        CASE NO. 2:15-CV-14469
v.                                        HON. LAURIE J. MICHELSON

MITCH PERRY and
JERROLD E. SCHROTENBOER,

        Defendants.
_____/

**OPINION AND ORDER DENYING APPLICATION FOR LEAVE TO PROCEED
WITHOUT PREPAYMENT OF THE FILING FEE AND DISMISSING CIVIL
RIGHTS COMPLAINT AND COMPLAINT FOR SUPERINTENDING CONTROL**

      Michigan prisoner Jerome Francis Jones ("Plaintiff"), currently confined at the Lenawee County Jail, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, a complaint for superintending control, and an application to proceed without prepayment of the filing fee for this action. In his complaints, Plaintiff seems to challenge the actions of the Jackson County prosecuting attorney who responded to his federal habeas petition, which is pending before another judge in this district. Plaintiff names the warden of the Newberry Correctional Facility and the prosecuting attorney as the defendants in this action. He seeks monetary damages and other relief.

      Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious,

1

> or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The "three strikes" provision allows the Court to dismiss a case where the prisoner seeks to proceed in forma pauperis if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous, malicious, or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g); *Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller*, 966 F. Supp. 538, 540 (E.D. Mich. 1997). A plaintiff may proceed on an action subject to dismissal under the three strikes rule if he alleges that he is in imminent danger of serious physical injury. *See Clemons v. Young*, 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003). A federal district court may sua sponte raise the three strikes provision of the PLRA on its own initiative. *Witzke*, 966 F. Supp. at 539.

Plaintiff has filed at least three prior civil actions which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Jones v. Roberts, et al.*, No. 5:96-cv-00121 (W.D. Mich. Nov. 1, 1996); *Jones v. Roberts, et al.,* No. 5:96-cv-00122 (W.D. Mich. Nov. 1, 1996); *Jones v. Allmon, et al.*, No. 5:96-cv-00127 (W.D. Mich. Aug. 26, 1996). Plaintiff has also been put on notice that he is a "three-striker" and had at least one case dismissed pursuant to 28 U.S.C. § 1915(g). *See, e.g., Jones v. German, et al.*, No. 2:97-cv-00278 (W.D. Mich. 1998).

Moreover, to fall within the PLRA's "imminent danger of serious physical injury" exception to the three strikes rule, a prisoner must allege that the threat or prison condition is "real and proximate" and the danger of serious physical injury must exist at the time the complaint is filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). An assertion of past danger is insufficient to invoke the exception, *id*., as is an assertion of the potential for future harm. *See Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011)

("[T]he plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing."). Plaintiff makes no such allegations in his pleadings. He thus fails to establish that he should be allowed to proceed without prepayment of the filing fee.

Accordingly, the Court **DENIES** Plaintiff's application for leave to proceed without prepayment of the filing fee for this action and **DISMISSES** his civil rights complaint and his complaint for superintending control pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new complaint or complaints with payment of the $350.00 filing fee and the $50.00 administrative fee. Lastly, the Court believes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

                                       s/Laurie J. Michelson
                                       LAURIE J. MICHELSON
                                       UNITED STATES DISTRICT JUDGE

Dated: January 13, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 13, 2016.

                                       s/Jane Johnson
                                       Case Manager to
                                       Honorable Laurie J. Michelson